## TAYLOR *v*. WILSON.

Although a person, by allowing his property to be treated and held out by a partnership as the property of the partnership, may be estopped to deny that it is partnership property against the creditors of such partnership, a private creditor of such person, holding a mortgage upon such property given subsequent to such use by the partnership, is not estopped to show the true ownership of the property against a partnership creditor claiming under an attachment subsequent to the mortgage.

Trespass, for taking and selling property. Facts found by the court. The defendant justified the taking and sale as a deputy sheriff,

by virtue of an execution in favor of one S. against Thayer & Wellman. The plaintiff claimed title to the property under a mortgage from Wellman, duly executed, and recorded January 10, 1876, to secure a note to the plaintiff dated July 1, 1875. About July 1, 1875, Wellman being engaged in the meat business at Hinsdale, Thayer and Wellman made an arrangement to carry on the business together as partners, but Thayer did not put anything into the business. They continued to carry on the business under the firm name of Thayer & Wellman until the latter part of November, 1875, when Thayer left, and Wellman remained in possession of the property. Wellman furnished all the tools and fixtures for carrying on the business, and it was agreed by him and Thayer that Thayer's father should sign a note with Thayer for one half the amount of the tools and fixtures, and should then own one half of them; but this was never done. There was no formal dissolution of the firm when Thayer left. January 10, 1876, Wellman gave the mortgage upon the tools and fixtures, under which the plaintiff claims. July 29, 1876, the defendant, as deputy sheriff, attached the property on a writ against Thayer & Wellman, and subsequently sold it on execution. The defendant claims that the property, by being used in the business of the firm, became liable for the partnership debts, and that his seizure and sale upon an execution against Thayer & Wellman are valid against the plaintiff's mortgage from Wellman alone, although the mortgage was prior to the attachment.

*Albee*, for the plaintiff.

*Barber*, for the defendant.

CLARK, J. Persons may so conduct themselves as to become liable as partners, although no partnership actually exists; as, when one allows his name to be used and himself to be held out as a partner, the law holds him responsible, as a partner, to third persons dealing with the supposed firm. So a person, by permitting his property to be used and held out as the property of a partnership, may make that property liable for the debts of the partnership. Pars. on Part. 495. In such case the ownership of the property is not changed, but the owner, by permitting his property to appear as the property of the firm, as a part of the foundation for their credit, is estopped, as to the creditors of the firm, to claim that the property is not the property of the firm.

But, in the present case, both parties claim title to the property in controversy under Wellman,—the plaintiff, under the mortgage of January 10, 1876, and the defendant, under the attachment of July 29, 1876. The defendant claims to hold the property, not because it was ever really the property of Thayer & Wellman, or because Thayer ever had any interest in it, but because Wellman has so conducted himself that he is estopped to deny that it was the property of Thayer

& Wellman; but both parties claiming under Wellman, the plaintiff is not estopped from showing the actual ownership of the property, and, the property being in fact the property of Wellman, the plaintiff's mortgage, being prior in point of time, is valid against the defendant's attachment.

*Case discharged.*

STANLEY, J., did not sit.